IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ED ONTIVEROS,

    Petitioner,               No. CIV S-07-1441 JAM DAD P

   vs.

R.J. SUBIA, Warden,

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the July 28, 2004 decision by the Board of Parole Hearings (hereinafter "Board") to deny him parole. On March 3, 2008, the undersigned ordered respondent to file and serve a response to petitioner's petition. On April 2, 2008, respondent filed the pending motion to dismiss. Petitioner has filed an opposition to the motion and respondent has filed a reply. Petitioner has also filed an unauthorized response to respondent's reply. E.D. Cal. Local Rule 78-230(m).

**BACKGROUND**

       In 1984, petitioner was convicted in the Alameda County Superior Court of first degree murder and sentenced to twenty-five years to life in state prison. (Pet. at 2.) Petitioner's minimum eligible parole date was October 20, 2001. (Resp't's Mot. to Dismiss, Ex. 3.) On July

28, 2004, petitioner appeared before the Board which found him unsuitable for parole and issued a two-year denial. (Id.) The Board's decision became final on November 25, 2004. (Id.)

On October 21, 2005, petitioner filed a petition for writ of habeas corpus in the Amador County Superior Court challenging the Board's decision. (Resp't's Mot. to Dismiss, Ex. 1.) Shortly thereafter, the Superior Court transferred the case to the Alameda County Superior Court, where petitioner was convicted and sentenced. (Id.) On December 8, 2005, the Alameda County Superior Court denied the petition finding that it failed to state a prima facie case for relief. The court explained that petitioner failed to provide sufficient information for the court to review his claims. (Id.) On or about January 2, 2006, petitioner filed an amended petition in the same court. On January 6, 2006, the court denied the petition, again, finding that it failed to include sufficient information to state a prima facie case for relief. (Id.)

On January 16, 2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the First Appellate District. (Resp't's Mot. to Dismiss, Ex. 2.) On February 9, 2006, the Court of Appeal denied the petition, explaining that petitioner was required to provide the court with a copy of the transcript of the Board hearing. (Id.) Subsequently, petitioner submitted a transcript of the hearing to the court. (Id.) On July 31, 2006, the Court of Appeal summarily denied the petition. (Pet. Attach.)

On July 16, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Resp't's Mot. to Dismiss, Ex. 4.) On February 7, 2007, the California Supreme Court summarily denied that petition. (Id.)

On July 7, 2007, petitioner filed his federal petition for writ of habeas corpus in this court. Therein, he contends that the Board's decision denying him parole violates his due process rights under the Fourteenth Amendment of the United States Constitution. (Pet. at 5-6.)

**RESPONDENT'S MOTION TO DISMISS**

Respondent argues that petitioner's habeas petition is time-barred and contains unexhausted claims. (Resp't's Mot. to Dismiss at 1.) First, respondent argues that when a

petitioner challenges an administrative decision, such as a decision denying parole, the AEDPA one-year limitations period begins to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Respondent contends that the statute of limitations began to run in this case on November 26, 2004, the day after the Board's decision denying petitioner parole became final. (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. (Resp't's Mot. to Dismiss at 3.) However, respondent contends that petitioner waited until October 21, 2005, 327 days after the Board's final decision, to file his first habeas petition in the Superior Court. Respondent concedes that the limitations period was then tolled until the California Supreme Court denied petitioner habeas relief on February 7, 2007. (Id. at 3-4.) Respondent argues that petitioner did not file his federal petition until July 7, 2007, 149 days after the California Supreme Court's denial. According to respondent's calculation, a total of 476 days lapsed before petitioner filed his federal petition, rendering that petition untimely. (Id. at 4.)

Respondent also argues that petitioner has presented unexhausted claims to this court. (Resp't's Mot. to Dismiss at 4.) In his federal petition, petitioner raises the following four grounds for relief: (1) the Board failed to prepare a new psychological evaluation report before the 2004 hearing; (2) the Board was biased; (3) the Board's decision was not supported by some evidence; and (4) the Board impermissibly altered its regulations. (Id.) Respondent argues that, in petitioner's petition to the California Supreme Court, he argued only that the Court of Appeal had not responded to his petition and raised no other grounds for relief. (Id. at 5.) Accordingly, respondent concludes that petitioner failed to exhaust his state court remedies.

/////

**PETITIONER'S OPPOSITION**

In opposition, petitioner argues that he has had limited access to the law library due to prison lockdowns and did not have assistance in preparing his petition. He also argues that respondent's calculation of the statute of limitations does not account for the delay in petitioner actually receiving the transcript of the Board's hearing. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.) Petitioner concludes that the court should deny respondent's motion to dismiss and reach the merits of his petition.

**RESPONDENT'S REPLY**

In reply, respondent argues that a prisoner's pro se status or lack of assistance from counsel or fellow inmates is not grounds for tolling the AEDPA statute of limitations. (Resp't's Reply at 1.) In addition, respondent argues that a lockdown does not justify a late filing unless petitioner can show that the lockdown was unrelated to a legitimate penological interest. (Id.) Here, respondent argues that petitioner has only stated in conclusory fashion that lockdowns caused him to file his petition late. (Id.) Finally, respondent notes that petitioner received a copy of his parole hearing transcript well before the statute of limitations began to run. (Resp't's Reply, Ex. A.) Respondent has attached to his reply a copy of a general chrono signed by petitioner and dated August 30, 2004, stating "The above list inmate acknowledges the receipt of final transcripts from his recent parole consideration hearing." (Id.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

/////

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D)

   The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd, 343 F.3d at 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run on "the date on which the factual predicate of

/////

the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In Redd, a California state prisoner challenged the parole board's determination that he was unsuitable for parole. The district court dismissed the prisoner's federal habeas petition as untimely on the ground "that 'the factual predicate' of Redd's claims was the Board's denial of Redd's administrative appeal on December 7, 1998, and that the limitations period began to run on the following day." Redd, 343 F.3d at 1080. The Ninth Circuit affirmed, explaining that the date of the factual predicate was to be determined "by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence." Redd, 343 F.3d at 1082. The Ninth Circuit concluded:

> We agree with the district court that the factual basis of Redd's habeas claims was the Board's denial of his administrative appeal on December 7, 1998. Redd does not dispute that he received notice of the Board's decision on December 7. The limitations period therefore began to run the following day.

Id.

The Ninth Circuit also noted in Redd that four other federal courts of appeals had held that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging the decisions of administrative bodies such as parole and disciplinary boards. Id. at 1082 n.8 (citing Wade v. Robinson, 327 F.3d 328, 332 (4th Cir. 2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 280 (2d Cir. 2003); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002)). The Ninth Circuit observed that three of those four courts had decided that the AEDPA statute of limitations begins running in such cases on the date the administrative decision becomes final. Id. at 1084 (citing Wade, Cook, and Burger).[1]

/////

---

[1] Only the Fifth Circuit has held that the limitations period begins to run "when the initial administrative decision is made, before any administrative appeals." Redd, 343 F.3d at 1084 n.11 (citing Kimbrell, 311 F.3d at 363-64).

6

    Subsequently, the Ninth Circuit decided what it had assumed in <u>Redd</u>:

> § 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges a pertinent administrative decision rather than a state court judgment.

<u>Shelby</u>, 391 F.3d at 1062-63 (citation omitted). In <u>Shelby</u> the Ninth Circuit again cited the decisions in <u>Cook</u>, <u>Wade</u>, and <u>Kimbrell</u>, finding them consistent with the language of AEDPA, rules of statutory construction, and purposes of the AEDPA. <u>Id.</u> at 1063. The court considered and rejected the Seventh Circuit's rule that the limitation period does not apply to petitions contesting administrative decisions. <u>Id.</u> at 1063-65 (discussing <u>Cox v. McBride</u>, 279 F.3d 492, 493-94 (7th Cir. 2002)). The Ninth Circuit then affirmed the dismissal of Shelby's habeas petition as untimely because he had challenged a prison disciplinary decision that resulted in loss of good time credits but failed to file his federal petition within a year after his administrative appeal was denied. <u>Id.</u> at 1062.

    In <u>Shelby</u>, it was undisputed that the petitioner's disciplinary decision became final on July 12, 2001, and the district court therefore concluded that the petitioner had until July 12, 2002, to file his federal habeas petition. <u>Id.</u> at 1065-66. On appeal, the petitioner argued that, if the one-year statute of limitations applied, his case should be remanded for a finding as to the date he discovered or could have discovered the agency's final action. <u>Id.</u> 1066. However, the court concluded that "[h]ere, as in <u>Redd</u>, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary." <u>Id.</u> On that record, the Ninth Circuit held that the statute of limitations began to run on July 13, 2001, and expired on July 12, 2002, almost six months before the petitioner filed his federal habeas petition. Id.

    Applying the holdings of <u>Shelby</u> and <u>Redd</u>, as is required, this court must determine when petitioner could have learned of the factual basis for his claims through the exercise of due diligence. See <u>Shelby</u>, 391 F.3d at 1066; <u>Redd</u>, 343 F.3d at 1082 & 1084. As

7

noted above, the "factual predicate" for habeas challenges of parole board decisions is the day the administrative decision becomes final, subject to the petitioner receiving proper notice. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1084; Burger, 317 F.3d at 1138.

        In this case, the evidence establishes that the Board conducted a parole hearing and found petitioner unsuitable for parole on July 28, 2004. (Resp't's Mot. to Dismiss, Ex. 3.) Petitioner received a copy of the hearing transcript and decision on August 30, 2004. (Resp't's Reply, Ex. A.) The Board's decision became final on November 25, 2004. (Resp't's Mot. to Dismiss, Ex. 3.) For purposes of federal habeas relief, the one-year statute of limitations began to run no later than November 26, 2004, the day after the Board's decision became final. See Wade, 327 F.3d at 333; see also Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same).

III. Application of § 2244(d)(2)

        As respondent acknowledges, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). Here, the court finds that the one-year limitation period was tolled from the time petitioner filed his first state habeas petition on October 21, 2005, until the California Supreme Court denied petitioner habeas relief on February 7, 2007. Carey v. Saffold, 536 U.S. 214, 222-24 (2002) (a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable").

        Thus, the one-year AEDPA statute of limitations ran for 329 days from November 26, 2004 until October 21, 2005 when the statute was tolled until February 7, 2007. The one year statute began to run again on February 8, 2007 and expired 36 days later on March 16, 2007. Petitioner did not file his federal petition until July 7, 2007. Because more than one year had run

/////

on the statute of limitations, 478 days to be exact, petitioner's federal habeas petition is time-barred.

IV. Equitable Tolling

Because the federal habeas petition is untimely, the court must dismiss it unless petitioner demonstrates that he is entitled to equitable tolling of the statute of limitations. Petitioner briefly argues in his opposition to respondent's motion to dismiss that "any reason for delay was due to lack of assistance and prison lockdowns." (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2.) The court has construed petitioner's explanation regarding the untimeliness of his petition as an argument for equitable tolling of the statute of limitations.

The U.S. Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). See also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)); Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008) ("the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court."). Nonetheless, equitable tolling of the AEDPA statute of limitations will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). In the present case, the court finds that petitioner is not entitled to equitable tolling.

First, petitioner has not demonstrated that he pursued his rights diligently. As noted above, petitioner waited almost a year before filing his first state habeas petition challenging the Board's decision to deny him parole. In addition, after the California Supreme Court denied his final state habeas petition, petitioner waited another five months before filing his federal petition.

/////

Second, petitioner has not demonstrated that some extraordinary circumstance stood in his way thereby preventing him from filing his federal petition in a timely manner. In this regard, petitioner's lack of assistance or counsel is not a ground for equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Cf. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (no absolute right to appointment of counsel in habeas proceedings). In addition, delay in gaining access to the prison library because of a lockdown is not a ground for equitable tolling. See United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding that the inability to secure copies of transcripts from court reporters and lockdowns at prison lasting over one week and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll the one-year statute of limitations). "Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition." Boyd v. Kramer, No. Civ. S-05-00988 ALA HC, 2008 WL 782766, *6 (E.D. Cal. Mar. 21, 2008) (quoting Atkins v. Harris, No. C 98-3188 MJJ (PR), 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) (reasoning that lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations.")). Cf. Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir. 1985) ("[T]he Constitution does not guarantee a prisoner unlimited access to a law library.").

Under the circumstances set forth above, the court concludes that petitioner's federal petition for a writ of habeas corpus is time-barred. Accordingly, respondent's motion to dismiss should be granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice.[2]

/////

---

[2] The court need not address respondent's argument that petitioner's claims are unexhausted given the recommendation that the petition be dismissed as time-barred.

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1. Respondent's April 2, 2008 motion to dismiss be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 12, 2008.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
onti1441.157