IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ED ONTIVEROS,

    Petitioner,                    No. CIV S-07-1441 JAM DAD P

   vs.

R.J. SUBIA, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the July 28, 2004 decision by the Board of Parole Hearings (hereinafter "Board") to deny him parole. Respondent has filed a motion to dismiss, arguing that petitioner has failed to properly exhaust his federal habeas claims by first fairly presenting them to the highest state court. Petitioner has filed an opposition to the motion. Respondent has filed a reply. The parties appeared before the undersigned for oral arguments on January 28, 2011, and again on February 4, 2011.

**BACKGROUND**

        On July 28, 2004, the Board conducted a parole hearing and found petitioner unsuitable for release on parole. Petitioner filed several petitions seeking habeas relief in

/////

1

state court, challenging the Board's decision.  In this regard, applying the mailbox rule[1], on October 21, 2005, petitioner filed a petition for writ of habeas corpus in the Amador County Superior Court.  That court transferred the case to the Alameda County Superior Court which denied the petition on the ground that it failed to state a prima facie case for relief.  On or about January 2, 2006, petitioner filed an amended petition in the Alameda County Superior Court.  On January 6, 2006, that court denied the petition, again on the ground that it failed to state a prima facie case for relief.  On January 16, 2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the First Appellate District.  On February 9, 2006, the Court of Appeal denied the petition, explaining that petitioner was required to provide the court with a copy of the transcript of the parole hearing at which the challenged decision was issued.  Petitioner subsequently submitted a transcript of the parole hearing to that court.  On July 31, 2006, the California Court of Appeal summarily denied the petition.  Finally, on July 16, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  On February 7, 2007, the California Supreme Court summarily denied that petition.  (Resp't's Exs. 1-4, Pet'r's Exs. A-C & Pet. Attach.)

On July 7, 2007, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.  Petitioner asserts four claims for relief: (1) the Board violated his right to due process under the Fourteenth Amendment by failing to ensure that he underwent a new psychological evaluation prior to the hearing; (2) the Board violated his right to due process and his "civil liberty" interest in parole under the Fourteenth Amendment because the Board members were arbitrary, unfair, biased, and unskilled in weighing the evidence before them; (3) the Board violated his right to due process under the Fourteenth Amendment by failing to properly apply the "some evidence" standard to his case; and (4) the Board exceeded its authority and violated its own regulations and state law by denying him parole because the Board

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

is normally required to set parole dates at initial parole hearings.  (Pet. at 5-6.)

## PROCEDURAL HISTORY

On April 2, 2008, respondent filed the pending motion to dismiss, arguing that petitioner's federal habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 and that petitioner failed to properly exhaust his federal habeas claims.  On June 13, 2008, the undersigned issued findings and recommendations, recommending respondent's motion to dismiss be granted and petitioner's federal habeas petition be dismissed as time-barred.  The court at that time declined to address respondent's argument that petitioner's claims were also unexhausted.  On October 2, 2008, the assigned district judge adopted the findings and recommendations in full and entered judgment.  Petitioner appealed, and the Ninth Circuit reversed and remanded the case for factual development with regard to petitioner's claim that he was entitled to equitable tolling of the statute of limitations.

On March 18, 2010, counsel for respondent requested judicial notice of the pending motion to dismiss and noted that the court had not yet ruled on that motion to the extent it was based upon the argument that petitioner had failed to exhaust his claims.  Respondent requested the court rule on that unaddressed issue.  On May 5, 2010, the undersigned granted respondent's request and set a further briefing schedule.

## RESPONDENT'S MOTION TO DISMISS

I. Respondent's Motion

Respondent has moved to dismiss the pending petition, arguing that petitioner failed to exhaust his habeas claims in state court as required.  Specifically, respondent notes that petitioner has raised four claims in his federal petition: (1) the Board failed to order a new psychological evaluation report before the 2004 parole hearing; (2) the Board was biased; (3) the Board's decision was not supported by some evidence; and (4) the Board impermissibly altered its regulations.  Respondent contends that, in his petition to the California Supreme Court, petitioner merely argued that the California Court of Appeal had not responded to his petition.

(Resp't's Mot. to Dismiss at 4-5.)  Respondent also argues that even if this court determines that petitioner's petition to the California Supreme Court incorporates by reference his claims presented to the California Court of Appeal, petitioner did not present all of his federal claims to the state appellate court either.  In this regard, respondent argues that, in his petition filed before the California Court of Appeal, petitioner claimed only that the Board failed to order a new psychological report and did not argue that the Board was biased or that it's decision was not supported by some evidence.  (Resp't's Mot. to Dismiss at 5.)

II. Petitioner's Opposition

In opposition to respondent's motion to dismiss, counsel for petitioner argues that petitioner has properly exhausted all of his claims in state court.  Specifically, counsel contends that petitioner raised the four claims in his federal petition in his petitions filed in the California Court of Appeal and the California Supreme Court.  In this regard, counsel argues that in "Ground 1" of his pro se petition to the California Supreme Court, petitioner wrote "see attached," thereby incorporating by reference the claims in his petition to the California Court of Appeal.  The California Supreme Court subsequently denied his petition on the merits.  In counsel's view, if the California Supreme Court felt petitioner had only filed a petition for writ of mandate to order the California Court of Appeal to issue a ruling on petitioner's petition for writ of habeas corpus in that court, it would have noted as much in its ruling.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-10.)

III. Respondent's Reply

In reply, respondent reiterates that the only claim petitioner raised in his petition to the California Supreme Court was that the California Court of Appeal had not yet ruled on his petition filed with that court.  In addition, respondent repeats his argument that the only claim petitioner raised in his petition to the California Court of Appeal was that the Board did not order a new psychological evaluation report before the 2004 hearing.  Finally, respondent contends that even assuming petitioner had raised the four claims in his federal petition in his petition to the

4

California Court of Appeal, petitioner did not incorporate by reference those claims by stating "see attached" on his petition filed with the California Supreme Court because he failed to attach his Court of Appeal petition to his California Supreme Court petition. Moreover, respondent contends that petitioner may not exhaust his claims simply by referring the California Supreme Court to claims he raised in a lower court petition. (Resp't's Reply at 1-3.)

**ANALYSIS**

I. <u>Exhaustion of State Court Remedies</u>

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims. <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 273-74 (2005) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982)); <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); <u>Farmer v. Baldwin</u>, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986)). In general, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). The exhaustion requirement will not be deemed to have been waived unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting the claims to the federal court. <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1025 (9th Cir. 2008). A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based. <u>See</u> <u>Wooten</u>, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the]

1  asserted constitutional defect.'"); Lounsbury v. Thompson, 374 F.3d 785, 787 (9th Cir. 2004)

2  (same) (quoting Picard, 404 U.S. at 276)); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003),

3  overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1146 (9th Cir. 2007); Weaver v.

4  Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

II. Discussion

After reviewing the petition and attachments petitioner submitted to the California Supreme Court, the court finds that petitioner has fairly presented the claims presented in his pending federal petition to the California Supreme Court.  See Davis v. Silva, 511 F.3d 1005, 1011 (9th Cir. 2008) (pro se state habeas petition read generously, as precedent demands, fairly presented both the legal theory and operative facts to the California Supreme Court thereby satisfying exhaustion requirement).  Specifically, in "Ground 1" of his petition before the California Supreme Court, petitioner wrote:

> **Ground 1:**
>
> Petitioner filed an appeal to the First Appellate Dist. Courts (See Attached.) on Feb. 9, 2006.  This appeal was denied, and petitioner per request of courts then filed Board transcripts and new petition motion for review.  As of Feb. 14, 2006 no response given.
>
> **Supporting facts:**
>
> Petitioner is requesting a [sic] "evidentiary hearing" and appointment of counsel as petitioner has a documented learning disability (See Attached.)  Petitioner has contacted the First Appellate Dist. Court for a status report on this case and the court has not responded.  Petitioner has no choise [sic] but to appeal to this court in hopes of a response and to have his U.S. Constitutional Due Process 14th Amendment guarantee protected.

(Resp't's Ex. 4 & Pet'r's Ex. C.)

Petitioner attached to his petition filed in the California Supreme Court the petition he had filed in the California Court of Appeal, thereby incorporating the claims therein. (Pet'r's Status Report Ex. A. at 12-170.)  In "Ground 1" of his state appellate court petition, petitioner referred the court to his attachments to that petition.  Petitioner attached to his form

petition, inter alia, a memorandum labeled "Ground 1" in which he explained that the Board failed to prepare a new psychiatric report and denied him parole in part based on an outdated report by one Dr. Rustin. In so doing, petitioner argued, the Board acted arbitrarily and capriciously and in violation of his right to due process under the Fourteenth Amendment. (Id. at 14 & 18-21.)

In "Ground 2" of his state appellate court petition, petitioner wrote:

**Ground 2:**

Petitioner has a constitutional right to freedom, and right to appeal parole board decisions.

**Supporting facts:**

Petitioner claims the continuous denial of parole using commitment offense is a violation of his right to parole. Petitioner maintains always having a civil librity [sic] interest at parole. Petitioner has a documented learning disability (A.D.A.) learning disability. And needs counsel appointed to protect his constitutional rights and best serve the interests of the courts. Petitioner claims he has met every mitigating circumstance of parole criteria under the state's scope of article. In the instant case parole board officials failed to review petitioners documents and weigh the evidence based upon its own rules governing the articles. . . . That was serverd [sic] upon lower court but denied on other grounds. Petitioner needs counsel so that issues can be presented to the court more clearly and prevent denial of court access because petitioner is at the mercy of unskilled legal writings that may cause constitutional violations by barring courts. Petitioner is again asking the court for leniency when filing untill [sic] counsel can be appointed to protect petitioners [sic] rights.

(Pet'r's Status Report Ex. A. at 15.) In the section of the form petition asking petitioner to cite any supporting cases, rules, or other authority, petitioner cited "Biggs v. Terhune", "McQuillon v. Duncan", and "Irons v. Carey", as well as several decisions of California courts. (Id.)

Based on the record in this case, the court finds, that "Ground 1" of petitioner's state appellate court petition exhausts his first federal habeas claim before this court. Indeed, those claims are virtually identical. In addition, the court finds that, although inartfully plead, "Ground 2" of petitioner's state appellate court petition exhausts his second, third, and fourth

7

federal habeas claims before this court.  See Davis, 511 F.3d at 1010 ("By simply cite checking Davis' petition, the state court would have had all the facts necessary to give application to the constitutional principle.").  In this regard, the Ninth Circuit has repeatedly warned lower courts that "pro se petitions are held to a more lenient standard than counseled petitions." Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003).  See also Slack v. McDaniel, 529 U.S. 473 (2000) (the complete exhaustion requirement is not intended to "trap the unwary pro se prisoner").  Finally, the court notes that had the California Supreme Court been unable to discern the claims in the petition before it, the state high court most likely would have denied the petition by citing the decisions in People v. Duvall, 9 Cal. 4th 464, 474 (1995) and/or In re Swain, 34 Cal. 2d 300, 304 (1949), which require habeas petitioners to allege with sufficient particularity the facts warranting habeas corpus relief.  Here, the California Supreme Court instead summarily denied the petition without comment or citation.

In sum, having independently examined petitioner's California Supreme Court petition and the attachments thereto, this court finds that the state high court was provided a fair opportunity to pass on each of petitioner's claims before he presented them to this federal court.  Accordingly, the court concludes that respondent's motion to dismiss should be denied.[2]

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that respondent's April 2, 2008 motion to dismiss for failure to exhaust (Doc. No. 7) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

---

[2] In the event that these findings and recommendations are adopted, the undersigned intends to address the merits of the pending petition as expeditiously as possible.  To the extent petitioner claims that his due process rights were violated, so long as he received a parole suitability hearing and the Board panel provided him a reason for the denial of parole, his federal habeas petition would appear to be subject to summary dismissal pursuant to the U.S. Supreme Court's recent decision in Swarthout v. Cooke, 562 U.S.___ , 2011 WL 197627 (Jan. 24, 2011) (per curiam).

1  one days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within fourteen days after service of the objections.  The parties are
5  advised that failure to file objections within the specified time may waive the right to appeal the
6  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 7, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
onti1441.157(2)

9