IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ED ONTIVEROS,

    Petitioner,               No. 2: 07-cv-1441 JAM DAD P

    vs.

R.J. SUBIA,                      <u>ORDER AND</u>

    Respondent.         <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner and filed a *pro se* petition for writ of habeas corpus in July 2007. Petitioner does not attack his underlying judgment of conviction in his federal habeas corpus petition. Instead, petitioner challenges the July 28, 2004 decision by the California Board of Parole Hearings (hereinafter "Board") to deny him parole. Petitioner raises the following four claims for habeas relief: (1) the Board violated his due process rights under the Fourteenth Amendment by failing to ensure that he underwent a new psychological evaluation prior to his parole hearing ("Claim I"); (2) the Board violated his right to due process and his "civil liberty" interest in parole under the Fourteenth Amendment because the Board members were arbitrary, unfair, biased, and unskilled in weighing the evidence before them ("Claim II"); (3) the Board violated his right to due process under the Fourteenth Amendment by failing to properly apply the standard requiring some evidence that he posed a current danger to society if released from

1

prison standard to deny parole in his case ("Claim III"); and (4) the Board exceeded its authority and violated its own regulations and state law by denying him parole because the Board is normally required to set parole dates at initial parole hearings ("Claim IV").

## I. BACKGROUND

On July 28, 2004, the Board conducted a parole hearing and found petitioner unsuitable for release on parole. Petitioner filed several petitions seeking habeas relief in state court challenging the Board's 2004 decision. Applying the mailbox rule, see Houston v. Lack, 487 U.S. 266, 276 (1988), petitioner filed a petition for writ of habeas corpus in the Amador County Superior Court on October 21, 2005. That court transferred the case to the Alameda County Superior Court which denied the state habeas petition on the ground that it failed to state a prima facie case for relief. On or about January 2, 2006, petitioner filed an amended petition in the Alameda County Superior Court. On January 6, 2006, that court denied the petition, again on the ground that it failed to state a prima facie case for relief. On January 16, 2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the First Appellate District. On February 9, 2006, the California Court of Appeal denied the petition, explaining that petitioner was required to provide the court with a copy of the transcript of the parole hearing at which the challenged decision was issued. Petitioner subsequently submitted a transcript of the parole hearing to the state appellate court. On July 31, 2006, the California Court of Appeal summarily denied habeas relief. On July 16, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which summarily denied the petition on February 7, 2007.

Petitioner commenced this federal habeas proceeding by filing his federal petition on July 7, 2007. On April 2, 2008, respondent filed a motion to dismiss. Therein, respondent raised two grounds in the motion; specifically: (1) the petition is untimely; and (2) petitioner failed to exhaust his state court remedies. On June 13, 2008, the undersigned recommended that respondent's motion to dismiss due to the untimeliness of the petition be granted, rejecting

2

petitioner's argument that he was entitled to both statutory and equitable tolling of the statute of limitations. (Doc. No. 14.) The undersigned declined to address respondent's alternative argument that the habeas petition should be dismissed due to a lack of exhaustion of state court remedies in light of the finding that the federal habeas petition was untimely filed. Those June 13, 2008 findings and recommendations were adopted by the assigned District Judge on October 2, 2008. On October 22, 2008, a certificate of appealability was issued. On March 12, 2009, counsel was appointed for petitioner.

On February 18, 2010, the Ninth Circuit Court of Appeals affirmed the finding that petitioner was not entitled to statutory tolling but reversed and remanded the case for factual development with regard to petitioner's claim that he was entitled to equitable tolling of the statute of limitations. (Doc. No. 27.) Specifically, the Ninth Circuit indicated that on remand this court should determine whether a referred to learning disability or prison lock-downs prevented petitioner from timely-filing his federal petition thereby entitling him to equitable tolling of the statute of limitations. The mandate was issued on March 12, 2010.

On March 18, 2010, respondent requested judicial notice of the pending motion to dismiss and that the court had not yet ruled on the motion to the extent that it was based upon the argument that petitioner had also failed to exhaust his claims by properly presenting them to the state courts. Subsequently, this court established a briefing schedule with respect to the issue of exhaustion.

On February 8, 2011, the undersigned recommended that respondent's motion to dismiss for lack of exhaustion be denied. In so doing, the court determined that petitioner had raised all four of his claims in his state habeas petition presented to the California Supreme Court which was summarily denied. Those February 8, 2011 findings and recommendations were adopted in full by the assigned District Judge on March 28, 2011.

/////

/////

## II. RECOMMENDED SUMMARY DISMISSAL OF CLAIMS I, III & IV

Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a review of § 2254 habeas petitions. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. ___, ___, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06

4

1  (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is
2  clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at
3  859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

4        A state court decision is "contrary to" clearly established federal law if it applies a
5  rule contradicting a holding of the Supreme Court or reaches a result different from Supreme
6  Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640
7  (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may
8  grant the writ if the state court identifies the correct governing legal principle from the Supreme
9  Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1]
10 Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360
11 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ
12 simply because that court concludes in its independent judgment that the relevant state-court
13 decision applied clearly established federal law erroneously or incorrectly. Rather, that
14 application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v.
15 Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal
16 habeas court, in its independent review of the legal question, is left with a 'firm conviction' that
17 the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit
18 precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of
19 the state court's decision." Harrington v. Richter, 562 U.S. ___, ___,131 S. Ct. 770, 786 (2011)
20 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for
21 obtaining habeas corpus from a federal court, a state prisoner must show that the state court's
22 ruling on the claim being presented in federal court was so lacking in justification that there was
23 /////

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

5

an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of

/////

6

"showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

A.  Claims I & III

As explained above, in his Claim I petitioner argues that the Board violated his due process rights by failing to ensure that he underwent a new psychological evaluation prior to the July 2004 hearing. In Claim III, petitioner asserts that the Board violated his right to due process by failing to properly apply the "some evidence" of future dangerousness standard to his case. As noted above, on February 19, 2010, the Ninth Circuit remanded this matter for further factual development with respect to petitioner's argument that he was entitled to equitable tolling of the applicable statute of limitations. As explained below, thereafter the landscape with respect to federal habeas due process challenges brought by California state prisoners to state parole denials changed dramatically.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,

221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit

decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63. See also Pearson, 639 F.3d at 1191.[2]

    Petitioner does not assert in either Claim I or Claim III that he was denied either an opportunity to be heard or a statement of the reasons why parole was denied by the Board in 2004. In fact, petitioner has attached to his federal habeas petition an excerpt of the parole hearing transcript in which the Board provided the petitioner an opportunity to be heard and set forth the basis for its decision to deny him parole at that time. (See Pet'r's Pet. at p. 25-32.) That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1045-46; Pearson, 639 F.3d at 1191. It now plainly appears that petitioner is not entitled to relief with respect to his due process claims. Accordingly, petitioner's Claims I and III should be summarily dismissed.

    B.  Claim II

    In Claim II, petitioner asserts that the Board was biased against him since the persons appointed to the Board included "homicide detectives, crime victim backgrounds, ex-politicians between offices." Petitioner claims that these people have an agenda against the setting of a parole date. At this stage of the proceedings, a recommendation that this claim be summarily dismissed is not appropriate. See O'Bremski, 915 F.2d at 422 ("Because parole board

---

[2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

9

officials perform tasks that are functionally comparable to those performed by the judiciary, they owe the same duty: 'to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at state.'") (quoting Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981)).

### C. Claim IV

In Claim IV, petitioner asserts that the Board enlarged the language of its regulations governing parole hearings in denying him parole in 2004. More specifically, petitioner claims that:

> California law is clear that the Board may not exceed its own authority, and normally denies parole to 99-percent of all applicants, when the plain language of Penal Code 3041 clearly state[s] that a parole date shall normally be set, even at initial parole hearings. State officials have thus abrogated any meaning within the legislatures intent, that a parole should be set.

(Dkt. No. 1 at p. 5.) Petitioner's Claim IV appears to be based on the alleged failure of the Board to follow state law. This is not a cognizable claim on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (stating that it is not the province of a habeas court to examine state law questions). Accordingly, petitioner's Claim IV should also be summarily dismissed.

### III. EQUITABLE TOLLING

As previously indicated, the Ninth Circuit remanded this matter for further factual development with respect to petitioner's claim that he is entitled to equitable tolling of the statute of limitations. Since it has been determined that petitioner's Claim II should not be summarily dismissed, the court will move forward with the Ninth Circuit's remand for further factual development on petitioner's equitable tolling argument. Before setting an evidentiary hearing, the court will entertain further supplemental briefing on the issue of equitable tolling as set forth in the schedule ordered below.

/////

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall file and serve a supplemental brief, along with any additional evidence or proffer in support of his argument for equitable tolling within twenty-one (21) days of the date of this order;

2. Respondent shall file and serve a response to petitioner's supplemental brief on equitable tolling within fourteen (14) days of being served with petitioner's supplemental brief; and

3. Petitioner may file and serve a reply brief in response to respondent's supplemental brief in response within seven (7) days of being served with respondent's supplemental brief if he deems it warranted.

Furthermore, IT IS HEREBY RECOMMENDED that Claims I, III and IV of petitioner's habeas petition be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases

/////

/////

/////

(the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 1, 2012.

                                                */s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
onti1441.suppbrief